UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI MINH HUYNH,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-00142-JSC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 247 |

The Court dismissed Plaintiff Tri Minh Huynh's complaint with prejudice and entered judgment against Plaintiff. (Dkt. Nos. 240, 241.) Plaintiff filed a notice of appeal. (Dkt. No. 243.) Plaintiff then filed a timely motion to alter or amend the judgment in this Court under Federal Rule of Civil Procedure 59(e). (Dkt. No. 247.) *See also* Fed. R. App. P. 4(a)(4). The proceedings in the Court of Appeals for the Ninth Circuit have been held in abeyance pending the resolution of Plaintiff's Rule 59(e) motion. (*See* Dkt. No. 249.) Defendants oppose.

After carefully considering the briefing, the Court concludes that oral argument is unnecessary. *See* N.D. Cal. Civ. L.R. 7-1(b). The Court DENIES Plaintiff's motion and VACATES the hearing scheduled for October 13, 2022.

**DISCUSSION**

Federal Rule of Civil Procedure 59(e) provides that a party may file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence,

1  committed clear error, or if there is an intervening change in the controlling law.'" *Id* (quoting

2  *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis omitted).

3  District courts have "considerable discretion" in deciding Rule 59(e) motions. *Turner v.*

4  *Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

5        Plaintiff moves for reconsideration on two grounds. First, Plaintiff asserts the Court

6  incorrectly ruled the complaint failed to state a claim under RICO regarding his loss of the SEC

7  reward. Second, Plaintiff argues this Court should have granted leave to amend. The Court

8  disagrees. Plaintiff has not met his burden to show newly discovered evidence, a change in

9  controlling law, or clear error. Thus, Rule 59(e)'s "extraordinary remedy" is not warranted here.

10  *Kaufmann v. Kijakazi*, 32 F.4th 843 (9th Cir. 2022).

11  **I.    Plaintiff's RICO Claims**

12        Plaintiff fails to show clear error, a change in controlling law, or newly discovered

13  evidence that would command a different result as to the RICO claims. Regarding the RICO

14  claims, this Court previously found that:

> Plaintiff has not made the kind of factual allegations that "nudg[e] their claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. Specifically, Plaintiff's FAC does not provide sufficient facts to support his claims that (1) deRubertis conspired to leak his confidential information to Defendants; (2) Defendants' whitewashing efforts and credibility attacks caused the SEC to deny him an award; (3) Defendants fabricated and destroyed evidence in the SOX case; and (4) Defendants improperly influenced a district court judge. Because Plaintiff fails to submit sufficient facts to show that Defendants formed and enterprise and caused injury to his property through racketeering acts, his § 1962(c) claim fails.

21  (Dkt. No. 240 at 18.) Plaintiff disagrees with the Court's ruling and argues he has pled sufficient

22  facts to state a claim under RICO regarding the loss of the SEC award. (Dkt. No. 247 at 4.) The

23  Court has already considered and addressed Plaintiff's arguments on this point in detail. *See*

24  *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (finding trial court did not abuse its

25  discretion denying Rule 59(e) motion where court had already considered and rejected arguments).

26  In particular, the Court previously explained that Plaintiff could not plead an injury to property

27  under RICO because Plaintiff had no concrete financial entitlement to a potential SEC award.

28  (*See* Dkt. No. 240 at 16.) While Plaintiff understandably disagrees with that ruling, the Court

again finds the allegations in the FAC are insufficient to state a claim under RICO.

Plaintiff makes two further arguments regarding "new evidence." Both are unpersuasive. First, Plaintiff contends he should have been permitted to obtain discovery to prove Defendants' actions caused the SEC to halt its investigation into Walmart. Not so. Plaintiffs may not "rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021). Second, Plaintiff asserts a few "recently discovered facts" to bolster his claims. (Dkt. No. 247 at 11, 14, 20.) These include (1) the assertion that the $7 million figure in his Sarbanes-Oxley ("SOX") complaint "corruptly influenced the SEC to abandon its Walmart investigation," (2) Plaintiff's belief that his prior attorney David deRubertis lied about the complexity of the SOX complaint in a Case Management Statement, and (3) that *after* the SEC issued a non-enforcement letter, Walmart reverted to its pre-May 2017 definition of Walmart Marketplace. (*Id.*) Plaintiff's first statement is a conclusion, not a fact. The second new allegation is not material to the SEC complaint. The third "discovery" mirrors arguments made in opposition to the motion to dismiss and concerns events that occurred *after* the alleged RICO injury. (*See* Dkt. No. 225 at 39 n.7.) Thus, to the extent these allegations are facts (as opposed to conclusions), the allegations do not support reconsideration of this Court's prior Order.

## II.     Leave to Amend

The Court denied leave to amend because it found that Plaintiff's voluminous allegations lacked merit entirely. (Dkt. No. 240 at 20.) Before dismissing a civil complaint filed by a litigant without the assistance of counsel, the plaintiff should be given "notice of the deficiencies in his or her complaint" and be provided "an opportunity to amend the complaint to overcome deficiencies unless it is clear [the deficiencies] cannot be cured by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). As the Court stated in its earlier Order, the deficiencies in Plaintiff's FAC regarding the SEC RICO claims "cannot be cured by amendment." *Id.* In particular, Plaintiff's prior pleadings show that he *never* had a concrete financial interest in a hypothetical SEC award. (Dkt. No. 240 at 16.) Thus, any amended RICO complaint will fail because Plaintiff cannot allege a concrete financial property loss under 18 U.S.C. § 1962(c). *See*

3

*Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008). Because any amended complaint would be futile, the Court did not err in denying leave to amend. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## CONCLUSION

Plaintiff's motion for reconsideration is DENIED, and the hearing scheduled for October 13, 2022 is VACATED.

This Order disposes of Dkt. No. 247.

**IT IS SO ORDERED.**

Dated: September 30, 2022

JACQUELINE SCOTT CORLEY
United States District Judge